IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

COLONY NATIONAL INSURANCE COMPANY                                    PLAINTIFF

VS.                                                           No. 1:05CV52-D-D

JAMES M. "MAC" LINDSEY, ET. AL.                                     DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently pending before the Court is Plaintiff's motion for summary judgment. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

Colony National Insurance Company ("Colony") filed this declaratory action on February 15, 2005, seeking to have its rights and obligations with regards to potential insurance coverage determined by this Court. Plaintiff filed this action pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 in response to a December 17, 2004, letter from Joseph C. Langston, Esq. Mr. Langston informed Colony that a civil action had been filed against Defendants James "Mac" Lindsey, Booneville Auto Sales, and Matthew Lindsey, and demanded that Colony defend and indemnify under Colony Policy No. GP3067635, a garage policy issued to Booneville Auto Sales. This letter and demand from Mr. Langston arose out of the filing of the case *Brad and Lisa Gann v. Matthew Lindsey, et. al.* in the Circuit Court of Prentiss County Mississippi, Civil Action No. CV04-294GPR ("Underlying Case"). Colony filed this declaratory action because it believes that it has no obligation to defend or indemnify the Lindseys or Booneville Auto Sales. Specifically, Colony states that Matthew Lindsey was not an insured driver under the garage policy.

In the underlying case, the Ganns allege that on February 24, 2004, that Defendant Matthew Lindsey, a minor, was driving a Porsche 911 at a high rate of speed in a dangerous manner. The Ganns allege that the vehicle was owned and entrusted to Matthew Lindsey by his father, Mac Lindsey and Booneville Auto Sales. On February 24, 2004, Matthew Lindsey collided with the Ganns on Highway 4 in Prentiss County, Mississippi. The Ganns allege that Matthew Lindsey was driving fast and crossed the center line and collided with their vehicle.

After an investigation it was determined that Matthew Lindsey was indeed a minor at the time of the accident. The Ganns suffered physical injuries, property damage and emotional distress. The Ganns sued Lindsey and Booneville Auto Sales for the negligence of Matthew Lindsey and negligent entrustment. The Lindseys obtained an individual policy through Mississippi Farm Bureau Insurance on Matthew Lindsey.

Plaintiff Colony now moves this Court to enter summary judgment on its behalf. Colony states that Matthew Lindsey was a minor at the time of the accident and subject the Youthful Driver Exclusion in the policy. In addition, the Plaintiff states that Matthew Lindsey was driving the vehicle for pleasure and not business purposes. Colony further asserts that Matthew Lindsey was not employed by Booneville Auto Sales at the time of the accident nor was acting in the scope of his employment. Finally, Colony states that Matthew Lindsey was excluded under the Furnished Auto Exclusion and that his parents were the only scheduled drivers listed on the policy. Thus, Colony moves this Court to grant summary judgment stating it is not required to indemnify or defend in the underlying suit.

The Defendants respond that Plaintiff is not entitled to summary judgment on the theory of equitable estoppel. The Defendants claim that the Lindseys relied on information by Plaintiff's agents that Matthew Lindsey could not be added to garage policy, when in fact that

was untrue. The Defendants state that misrepresentations made to them prior to the wreck prevent Colony from denying indemnity now. The Defendants state that because Colony's agents misrepresented to them Matthew's eligibility for the garage policy, they received lesser insurance coverage. The Defendants assert that a material issue of fact remains about these alleged misrepresentations.

### B. *Standard of Review*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. <u>Celotex Corp. V. Catrett</u>, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) (the burden on the moving party may be discharged by 'showing...that there is an absence of evidence to support the non-moving party's case" Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trail.'" <u>Celotex Corp.</u>, 477 U.S. at 324, 106 S. Ct. At 2553, 91 L. Ed. 2d At 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual inferences must be made in favor of the non-movant. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56© mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp.</u>, 477 U.S. at 322, 106 S. Ct. At 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. <u>Matsushita Elec. Indus. V. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 536, 552 (1986).

*C. Applicable Law*

Federal Courts sitting in diversity must apply state substantive law.  See Krieser v. Hobbs, 166 F.3d 736, 739 (5th Cir. 1999).  "The core of what has become known as the 'Erie Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law."  Hanley v. Forrester, 903 F.2d 1030, 1020 (5th Cir. 1990) (*citing* Erie R. Co. v. Thompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 2d 1188 (1938)).  When deciding an unsettled issue of state law, this Court must consider how the Mississippi Supreme Court has, or would, interpret the question.  See Batts v. Tow-Motor Forklift Co., 978 F.2d 1386, 1389 (5th Cir. 1992) (*citing* American Waste & Pollution Control Co. V. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir.1991)).  The Court must first determine whether any final decisions of the Mississippi Supreme Court are dispositive.  See Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co., 953 F.2d 985, 988 (5th Cir. 1992).  When a Court must make an Erie guess, it is not the Court's role to create of modify state law, but rather only to predict it.  Batts, 978 F.2d at 1386.

This case implicates insurance and the law of insurance contracts; as such, Mississippi's law governing the interpretation of insurance contracts is binding.  An insurer "has an absolute duty to defend a complaint which contains allegations covered by the language of the policy, but it has absolutely no duty to defend those claims which fall outside the coverage of the policy."  Roy Anderson Corp. v. Transcontinental Ins. Co., 358 F.Supp.2d 553, 559 (S.D. Miss. 2005) (*quoting* Farmland Mut. Ins. Co. v. Scruggs, 886 So. 2d 714, 719 (Miss. 2004)).  The insurer is only required to defend when the pleadings state an injury that is within the coverage of the

policy. Mulberry Square Productions, Inc. v. State Farm Fire & Cas. Co., 101 F.3d 414, 421 (5th Cir. 1996). To determine whether the insurer has a duty to defend, a Court must "look to the allegations in the underlying state court complaint." Am. Guar. & Liab. Ins Co. v. The 1906 Co., 273 F.3d 605, 610 (5th Cir. 2001).

"The interpretation of an insurance policy is a question of law, not one of fact." Noxubee County Sch. Dist. v. United Nat'l Ins. Co., 883 So. 2d 1159, 1165 (Miss. 2004). Mississippi insurance law is clear that an insurance policy that is plain and unambiguous will be construed exactly as written. Id. (citing Paul Revere Life Ins. Co. v. Prince, 375 So. 2d 417, 418 (Miss. 1979)); See Blackledge v. Omega Ins. Co., 740 So. 2d 295, 298 (Miss. 1999). Ambiguities in an insurance contract are construed against the drafter and in favor of the insured. See Centennial Ins. Co. v. Ryder Truck Rental, Inc., 149 F.3d 378, 382-83 (5th Cir. 1998). When an insurance policy has two equally reasonable interpretations, the Court must adopt the one giving greater indemnity to the insured. See Caldwell v. Hartford Accident & Indem. Co., 248 So. 2d 209, 213 (Miss. 1964). Finally, terms of insurance policies, specifically exclusion clauses, must be construed against the insurer and in favor of coverage. See State Farm Mut. Auto Ins. Co. v. Scitzs, 395 So. 2d 1371, 1373 (Miss. 1981).

*D. Discussion*

1. Insurance Coverage

It is evident to the Court that the exclusions of this garage policy are straightforward. The facts show that Matthew Lindsey was a minor at the time of the accident and show that he was not listed as a scheduled driver on the policy. In addition, Matthew Lindsey was driving for pleasure purposes and not for any business purpose associated with Booneville Auto Sales. Thus, the Court finds that the exclusions apply and Matthew Lindsey was not covered by

Colony's garage policy. In addition, the Court finds that the insurance contract was plain and unambiguous. The Defendants have made no effort to discredit the terms of the policy. Therefore, the Court finds that Matthew Lindsey was excluded from coverage by both the Youthful Driver Exclusion and the Furnished Auto Exclusion. Thus, there is no issue of genuine material fact on this issue and Plaintiff is entitled to judgment as a matter of law.

2. Equitable Estoppel

The doctrine of equitable estoppel is "the principle by which a party is precluded from denying any material fact, induced by his words or conduct upon which a person relied, whereby the person changed his position in such a way that injury would be suffered if such denial or contrary assertion was allowed. Baldwin v. Holliman, 913 So.2d 400, 408 (Miss. Ct. App. 2005) (*quoting* Koval v. Koval, 576 So.2d 134, 137 (Miss. 1991)). Defined another way, equitable estoppel requires (1) a representation, (2) an action taken in justifiable reliance on that representation, and (3) a resulting detriment from that reliance. Town of Florence v. Sea Lands, Ltd., 759 So. 2d 1221, 1229 (Miss. 2000). The Mississippi Supreme Court used the following test for justifiable reliance: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Lynch v. Mississippi Farm Bureau Cas. Ins. Co., 880 So. 2d 1065, 1073 (Miss. 2004) (*citing* Restatement (2d) Contracts § 90 (1981)).

The Defendants present an extremely novel argument of law to which the Court now turns. First, the Defendants state that the Lindseys' agent, Hilda McVey, represented to them that Colony did not write coverage for youthful drivers. Second, the Defendants state that they went to procure insurance from Farm Bureau in reliance on McVey's statement. Third, the Defendants

claim that this ultimately resulted in less coverage for higher premiums. Thus, the Defendants claim that Colony can neither deny defending nor indemnify them because Colony does write garage policies with youthful drivers.

Although this presents the Court with a novel argument, the Defendants cannot use equitable estoppel to avoid summary judgment. First, even if the Court agreed that what McVey relayed to the Lindseys was a representation, it is tenuous at best. The facts show that McVey could not find general agents to underwrite a garage policy with Matthew Lindsey listed as a youthful driver. In addition, even if Colony had written such a policy, Matthew's accident would have been excluded because he was using the car for personal purposes. Also, in order to have him on the policy, Booneville Auto Sales would have had to employ Matthew Lindsey.

Second, even if the Defendants can show a representation, they cannot show justifiable reliance. There was no promise here. Colony did not make a promise that it would write coverage for Matthew. Colony and McVey told the Lindseys they could not cover Matthew on the garage policy. Colony did not induce the Lindseys not to buy coverage anywhere else. In fact, the opposite is true. The Lindseys procured another insurance policy because Colony refused to cover Matthew.

Third, the Court understands that the Defendants detriment was less insurance coverage for higher premiums. However, that detriment was not made on justifiable reliance. The Lindseys knew that Matthew required insurance. Thus, they bought another policy to cover him. Therefore, the Court finds that the Defendants cannot meet the burden of equitable estoppel.

The Court further notes that coverage in this case was excluded for two reasons. First, the Youthful Driver Exclusion and the Furnished Auto Exclusion. Even if Colony misrepresented its position on writing coverage for a driver younger than twenty-one, the

Furnished Auto Exclusion still applied. Matthew Lindsey was driving the Porsche for pleasure purposes and not for a business purpose or test drive. Thus, the Defendants' argument fails and Plaintiff is entitled to summary judgment.

*E. Conclusion*

After careful consideration, the Court finds that there are no genuine issues of material fact in this case, and the Plaintiffs are entitled to summary judgment. The Court finds that the Lindseys are excluded from coverage under the garage policy's youthful driver exclusion and the furnished auto exclusion. In addition, the Defendants failed to prove that the doctrine of equitable estoppel applies in this case. Thus, no genuine issues of material fact exist and Plaintiffs are entitled to a judgment as a matter of law.

A separate order in accordance with this opinion shall issue this day.

This the 17th day of March 2006.

/s/ Glen H. Davidson
Chief Judge